■ PATRICIA M. KELLY, Individually and as Administratrix of the Estate of JOHN M. KELLY, Deceased, Appellant, v RUDOLPH GIULIANI, Mayor of the City of New York, et al., Respondents. [915 NYS2d 862]—

In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 13, 2009, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2) a judgment of the same court dated September 4, 2009, which, upon the order, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff's decedent was a police officer in the Staten Island Auto Larceny Unit (hereinafter the ALU), and was killed when the 1999 Chevrolet Lumina police vehicle he was driving in the pursuit of a suspected stolen vehicle slid sideways and diagonally into a utility pole. Thereafter, the decedent's wife,

individually and as administratrix of his estate, commenced this action, inter alia, to recover damages for personal injuries and wrongful death. Following discovery, the defendants moved, among other things, for summary judgment dismissing the complaint. The defendants contended, inter alia, that any negligence on their part was not a proximate cause of the decedent's accident. The Supreme Court granted that branch of the defendants' motion which was for summary judgment and dismissed the complaint. We affirm.

The Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence which demonstrated that any negligence on their part in selecting and assigning the subject vehicle to the ALU was not a proximate cause of the decedent's accident. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

In light of our determination, we need not address the plaintiff's remaining contention. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32044(U).]**